NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0250n.06
No. 18-1523

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROSA PARKS, deceased, | ) | |
|     Plaintiff, | ) ) ) | **FILED**<br>May 09, 2019<br>DEBORAH S. HUNT, Clerk |
| ELAINE STEEL, Personal Representative of the Estate of Rosa Parks, | ) ) ) | |
|     Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| LAFACE RECORDS, et al., | ) | |
|     Defendant, | ) ) | |
| GREGORY J. REED AND ASSOCIATES, P.C., | ) ) ) | |
|     Movant-Appellant. | ) ) | |

BEFORE:     NORRIS, DAUGHTREY, and LARSEN, Circuit Judges.

**MARTHA CRAIG DAUGHTREY, Circuit Judge.**  This appeal arises from the 1999 litigation between Rosa Parks and LaFace Records that those parties settled in 2005. The appellant here is Gregory Reed, one of Parks's attorneys in that case. He alleges that he did not receive payment of his litigation costs, as mandated by the settlement agreement and by an August 2007 order from the district court. Reed sought to renew the August 2007 order pursuant to Federal Rule of Civil Procedure 69(a), which governs money judgments, and Michigan Compiled Laws § 600.5809(3), which provides for a ten-year statute of limitation on the enforcement of noncontractual money obligations and provides for a procedure to extend the life of a judgment.

The appellee, Elaine Steele, represents Parks's estate and opposed renewal, arguing that Rule 69(a) does not apply because the August 2007 order is not a money judgment. The district court denied Reed's motion as futile. Reed appeals that denial. Because the record before us lacks sufficient factual information to allow us to reach a determination in this case, we **REMAND** to the district court for clarification.

## FACTUAL AND PROCEDURAL BACKGROUND

Reed's claim arises from a lawsuit, settled over a decade ago, regarding the use of Parks's name as the title of a song by the rap group OutKast.[1] As part of the settlement in that lawsuit, LaFace Records made a one-time payment to Parks's guardian *ad litem*, Dennis Archer, on behalf of Parks. This sum was designated to cover "all costs and fees of every kind and nature whatsoever incurred by or on behalf of Parks for legal . . . services." *Id.* at 3. The settlement instructed that Archer and Parks's lead counsel would be "solely responsible" for determining the proper allocation of funds to Parks's various attorneys, including Reed. *Id.*

The district court accepted Archer's initial allocations, but, on appeal, a panel of this court reviewed the settlement agreement and underlying contingency-fee agreements and slightly modified the attorney's fees apportionments. We determined that, in light of his trial work, Reed was entitled to $98,195.33 in fees, in addition to the $125,000.00 in costs previously apportioned to him. *Parks v. Archer*, 493 F.3d 761 (6th Cir. 2007). On August 30, 2007, the district court issued an amended order mandating that "[a]ny sums remaining to be distributed according to the Court's prior order, shall now be distributed according to the Court of Appeals opinion." Reed alleges that he has not been paid in accordance with that order.

---

[1] The settlement was filed under seal and remains confidential. The precise details of the settlement, including the total amount paid to Parks by LaFace Records, are not pertinent to this appeal. Some of the details, however, have already been made part of the public record. We include that information here, where necessary.

The record provides little information about what happened in the almost-twelve years since. It does not appear that Reed, at any time, sought a writ of execution, as would typically follow a judgment for the payment of money. *See* Fed. R. Civ. Pro. 69. Steele asserts that, "[u]pon information and belief, the additional funds were actually distributed."[2] But, at a March 2018 hearing held in the district court, counsel for Steele admitted that he "do[esn't] know whether Mr. Reed was paid" and "can only assume that he was." Likewise, a representative for Archer stated that Archer "doesn't have any knowledge" regarding Reed's payment and that he is "without that information." Neither Archer nor Steele has presented any evidence showing that Reed was compensated in part or in full, and neither has offered an explanation as to why records of these payments would not be maintained within Parks's estate. In its ruling on Reed's motion, the district court stated: "It is the court's understanding that attorney fees have been distributed pursuant to the court's order." But the court pointed to no evidence supporting that understanding.

What is clear is that Reed has made multiple attempts in state court to collect the costs and fees that he asserts are his due. Reed's first effort came shortly after Parks's death, while this court was still considering his appeal of the initial apportionment. Reed filed a claim for $125,000.00 in costs and $67,000.00 in expenses with her estate, which the estate disallowed. Reed attempted to raise a claim in probate court against the disallowance, but the probate court dismissed the claim as untimely.[3] *Reed v. Shakoor*, No. 2006-708950-CZ (Wayne Cty. Prob. Ct., Feb. 7, 2007) (unpublished). Next, following the district court's August 2007 order, Reed yet again filed a claim in Michigan probate court attempting to collect the costs apportioned to him in that order, as well

---

[2] Steele's briefing also suggests that the funds were in fact distributed by the district court, but the court's questioning during a hearing held regarding Reed's motion to renew suggests the district court had, at the time of that hearing, no knowledge of such distribution.

[3] Mich. Comp. Laws § 700.3806(1) sets a 63-day statute of limitations on probate claims following disallowance. Reed's claim was filed 65 days following the disallowance. The court did not reach the merits of Reed's claim, but it did note that the issue had been "addressed previously" in federal court.

as other fees.[4]  The probate court dismissed his claim on *res judicata* grounds, and the Michigan Court of Appeals affirmed.  *See Reed & Assoc., P.C. v. Steele*, No. 335939, 2018 WL 1404122 (Mich. Ct. App. March 20, 2018).  The Michigan Supreme Court denied review.  *Reed & Assoc., P.C. v. Steele*, 919 N.W.2d 794 (Mich. Dec. 4, 2018) (Order).

Having thus far failed to vindicate his rights in state court, Reed filed a new complaint seeking to renew the August 2007 judgment, pursuant to Mich. Comp. Laws § 600.5809(3) and Federal Rule of Civil Procedure 69(a).  The new case was joined as a "related" case to the prior lawsuit, and the district court instructed Reed to file a motion for renewal.  Reed did so, and the district court denied his motion, determining that because renewal "would be futile in light of the prior [state] court orders," there is "no valid reason to renew the judgment in this instance."  Reed appealed.

## DISCUSSION

Pursuant to the 2005 Joint Stipulation of Dismissal with Prejudice, the district court retains jurisdiction over all disputes related to the disbursements mandated by the Settlement Agreement. This court has jurisdiction to review the district court's decision pursuant to 18 U.S.C. § 1291.

The heart of this dispute is whether Reed has received the $125,000.00 in costs approved and ordered to be paid to him by the district court and by this court.  The district court's denial of Reed's motion expressed an "understanding" that all obligations established in the August 2007 order have been met, but the court did not point to any evidence that corroborates this finding. Indeed, no party has pointed to evidence of payment, or lack thereof.  While Steele asserts on

---

[4] In his attempts to collect his fees and costs, Reed's allegations regarding the amount he is due have varied.  In his first probate claim he alleged $192,000.00 ($125,000 in costs and $67,000 in fees).  In his second probate claim he alleged $223,195.33 ($125,000 in costs and $98,195.33 in fees).  In the district court he alleged the same $223,195.33 in costs and fees, and now he claims only the $125,000.00 apportioned to him to cover his costs.  He does not state whether these changed claims are because he has received partial payment from the fund or from Parks's estate, because he has simply pursued alternative strategies in each case based on his perceived likelihood of success, or for some other reason.

appeal that "it is clear that the firm has already received its allocated fees and costs," Steele provides no evidence in corroboration, despite the fact that counsel for Steele previously admitted at a hearing that he didn't know whether Reed had been paid. Reed has also failed to provide any corroboration of his allegations that he has not been paid. Though it is, of course, nearly impossible to prove a negative, on appeal Reed claims only $125,000.00 in outstanding costs. He makes no mention of fees. We might therefore infer that he received payment for his trial fees in accordance with the August 2007 order. But Reed has not made a showing of even partial payment. We require clarification.

If, in fact, Reed has been paid, the appeal is a frivolous one, and these proceedings need not go any further. But, if Reed's allegations of nonpayment are true, then Parks's estate and Archer have failed to comply with this court's pronouncement of Reed's entitlement for over a decade. Though we are mindful of the extended litigation in this case and of the parties' desires to put this matter to rest, we cannot sufficiently address the question in front of us without first resolving this fundamental, underlying question. Thus, given the lack of conclusive evidence in the record and given that further proceedings are unnecessary if Reed's entitlement has been satisfied, we deem it most appropriate for the district court to further develop the factual record on the matter of Reed's payment.

Accordingly, we **REMAND** for further proceedings.